# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NICOLE MAGANA, on behalf of herself and all others similarly situated, | Civil Case Number: _____ |
| Plaintiff(s), | **CIVIL ACTION** |
| -against- | **CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |
| DYNAMIC RECOVERY SOLUTIONS, LLC; CROWN ASSET MANAGEMENT, LLC; and JOHN DOES 1-25, | |
| Defendant(s). | |

Plaintiff, NICOLE MAGANA, on behalf of herself and all others similarly situated (hereinafter "Plaintiff") by and through her undersigned attorney, alleges against the above-named Defendants, DYNAMIC RECOVERY SOLUTIONS, LLC ("DYNAMIC"); CROWN ASSET MANAGEMENT, LLC ("CROWN ASSET"); JOHN DOES 1-25, their employees, agents, and successors (collectively "Defendants") the following:

## PRELIMINARY STATEMENT

1.      Plaintiff brings this action for damages and declaratory relief arising from the Defendants' violation of 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.  This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3.      Venue is proper in this district under 28 U.S.C. §1391(b)(2) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## DEFINITIONS

4.      As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

5.      The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6.      Plaintiff is a natural person, a resident of Hudson County, New Jersey and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7.      DYNAMIC maintains a location at 135 Interstate Blvd, Greenville, South Carolina 29615.

8.      CROWN ASSET maintains a location at 3100 Breckinridge Blvd, #725, Duluth, Georgia 30096.

9.      Upon information and belief, each Defendant uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10.      Each Defendant is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

11.      John Does 1-25, are fictitious names of individuals and business alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ACTION ALLEGATIONS

12.     Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all New Jersey consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from the Defendants which are in violation of the FDCPA, as described in this Complaint.

13.     This Action is properly maintained as a class action. The Class is initially defined as:

- All New Jersey consumers who were sent letters and/or notices from DYNAMIC concerning a debt owned by CROWN ASSET, which contained at least one of the alleged violations of 15 U.S.C. § 1692 *et seq.* herein.
  The class definition may be subsequently modified or refined.  The Class period begins one year to the filing of this Action.

13.     The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there may be hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendants that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice.  (*See* **Exhibit A**, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 redacted the financial account numbers and/or personal identifiers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

  a.    Whether the Defendants violated various provisions of the FDCPA including but not limited to:

  15 U.S.C. §§ 1692e; 1692e(2)(A); 1692e(5); 1692e(10); and 1692f *et seq*.

  b.    Whether Plaintiff and the Class have been injured by the Defendants' conduct;

  c.    Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

  d.    Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.  If Defendants' conduct is allowed to proceed without remedy, they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## <u>STATEMENT OF FACTS</u>

14.    Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15.    Sometime prior to March 6, 2017, Plaintiff allegedly incurred a financial obligation to ELAN FINANCIAL SERVICES ("ELAN FINANCIAL").

16.     The ELAN FINANCIAL obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

17.     The ELAN FINANCIAL obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

18.     ELAN FINANCIAL is a "creditor" as defined by 15 U.S.C. § 1692a(4).

19.     At some time prior to March 6, 2017, the ELAN FINANCIAL obligation was purchased by and/or sold to CROWN ASSET.

20.     At the time the ELAN FINANCIAL obligation was purchased by and/or sold to CROWN ASSET, the obligation was in default.

21.     On or before March 6, 2017, CROWN ASSET referred the ELAN FINANCIAL obligation to DYNAMIC for the purpose of collections.

22.     At the time CROWN ASSET referred the ELAN FINANCIAL obligation to DYNAMIC, the obligation was past due.

23.     At the time CROWN ASSET referred the ELAN FINANCIAL obligation to DYNAMIC, the obligation was in default.

24.     Defendants caused to be delivered to Plaintiff a letter dated March 6, 2017, which was addressed to Plaintiff.  **Exhibit A,** which is fully incorporated herein by reference.

25.     The March 6, 2017 letter was sent to Plaintiff in connection with the collection of the ELAN FINANCIAL obligation.

26.     The March 6, 2017 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

27.     Upon receipt, Plaintiff read the March 6, 2017 letter.

28.     The March 6, 2017 letter provides the following information regarding the balance claimed due on the ELAN FINANCIAL obligation:

    Current Balance:  $11,910.02

29.     The March 6, 2017 letter did not itemize or breakdown the amount of the debt by principal, interest, fees and other charges.

30.     The outstanding balance claimed to be due by Defendants on the ELAN FINANCIAL obligation as of March 6, 2017 includes an amount for interest.

31.     The March 6, 2017 letter did not inform Plaintiff that the amount of the debt included an amount for interest.

32.     The outstanding balance claimed to be due by Defendants on the ELAN FINANCIAL obligation as of March 6, 2017 includes an amount for costs and/or fees.

33.     The March 6, 2017 letter did not inform Plaintiff that the amount of the debt included an amount for costs and/or fees.

34.     At all times relevant to this matter, DYNAMIC has not held a license under authority of the New Jersey Consumer Finance Licensing Act.

35.     At all times relevant to this matter, DYNAMIC has not held a license issued by the New Jersey Department of Banking and Insurance.

36.     At all times relevant to this matter, DYNAMIC has not held a license under authority of the New Jersey Consumer Finance Licensing Act authorizing it to make consumer loans, or to buy, discount or endorse notes (loans), or to receive interest.

37.     At all times relevant to this matter, CROWN ASSET has not held a license under authority of the New Jersey Consumer Finance Licensing Act.

38.     At all times relevant to this matter, CROWN ASSET has not held a license issued by the New Jersey Department of Banking and Insurance.

39.     At all times relevant to this matter , CROWN ASSET has not held a license under authority of the New Jersey Consumer Finance Licensing Act authorizing it to make consumer loans, or to buy, discount or endorse notes (loans), or to receive interest.

40.     Upon information and belief, ELAN FINANCIAL held a license with the New Jersey Department of Banking and Insurance at all relevant times herein.

41.     At no time was DYNAMIC authorized to charge or add interest to Plaintiff's account.

42.     At no time was DYNAMIC authorized to collect interest on Plaintiff's account.

43.     At no time was DYNAMIC authorized to collect on Plaintiff's account.

44.     At no time was CROWN ASSET authorized to charge or add interest to Plaintiff's account.

45.     At no time was CROWN ASSET authorized to collect interest on Plaintiff's account.

46.     At no time was CROWN ASSET authorized to collect on Plaintiff's account.

47.     DYNAMIC was not permitted by law to add interest, late charges or other charges to the balance of the ELAN FINANCIAL obligation.

48.     CROWN ASSET was not permitted by law to add interest, late charges or other charges to the balance of the ELAN FINANCIAL obligation.

49.     As DYNAMIC did not obtain the appropriate license under the New Jersey Consumer Finance Licensing Act during the time relevant to this matter, it was prohibited from attempting to collect on the ELAN FINANCIAL obligation.

50.    As CROWN ASSET did not obtain the appropriate license under the New Jersey Consumer Finance Licensing Act during the time relevant to this matter, it was prohibited from attempting to collect on the ELAN FINANCIAL obligation.

## POLICIES AND PRACTICES COMPLAINED OF

51.    It is Defendants' policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

(a)    Using false, deceptive or misleading representations or means in connection with the collection of a debt;

(b)    Threatening to take any action that cannot legally be taken or that is not intended to be taken;

(c)    Using unfair or unconscionable means to collect or attempt to collect any debt; and

(d)    Making a false representation of the character or amount of the debt.

52.    On information and belief, Defendants sent written communications in the form annexed hereto as **Exhibit A**, to at least 50 natural persons in the State of New Jersey with one year of this Complaint.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq.* VIOLATIONS

53.    Plaintiff, on behalf of herself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

54.    Collection letters and/or notices, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

55.     The form, layout and content of Defendant's letter would cause the least sophisticated consumer to be confused about his or her rights.

56.     The form, layout and content of Defendant's letter would cause the least sophisticated consumer to be confused as to whether the balance could and/or would increase.

57.     The form, layout and content of Defendant's letter would cause the least sophisticated consumer to be confused as to whether the balance included an amount for interest.

58.     The form, layout and content of Defendant's letter would cause the least sophisticated consumer to be confused as to whether the balance included an amount for costs and/or fees.

59.     The form, layout and content of Defendant's letter would cause the least sophisticated consumer to be confused as to whether Defendants could legally attempt to collect the debt.

60.     The form, layout and content of Defendant's letter would cause the least sophisticated consumer to believe that Defendants had the legal ability to attempt to collect the debt and that Defendants had acquired the appropriate licenses or had otherwise complied with New Jersey regulations.

61.     Defendants violated 15 U.S.C. § 1692e of the FDCPA by using any false, deceptive or misleading representation or means in connection with their attempts to collect debts from Plaintiff and others similarly situated.

62.     Defendants violated 15 U.S.C. § 1692e of the FDCPA in connection with their communications to Plaintiff and others similarly situated.

63.     Defendants violated 15 U.S.C. § 1692e of the FDCPA by falsely implying that they had the right or legal authority to collect debts from Plaintiff and others similarly situated.

64.     Defendants violated 15 U.S.C. § 1692e of the FDCPA by not disclosing that the amount allegedly due on the ELAN FINANCIAL obligation included an amount for interest and an amount for costs and/or fees.

65.     Section 1692e(2)(A) of the FDCPA prohibits a debt collector from making a false representation of the character, amount or legal status of a debt.

66.     Defendants violated 15 U.S.C. § 1692e(2)(A) by including an amount for interest in the balance stated in the March 6, 2017 letter.

67.     Defendants violated 15 U.S.C. § 1692e(2)(A) by including an amount for costs and/or fees in the balance stated in the March 6, 2017 letter.

68.     Defendants violated 15 U.S.C. § 1692e(2)(A) by making false representations of the character, amount or legal status of a debt.

69.     Defendants violated 15 U.S.C. § 1692e(2)(A) as Defendants were prohibited from charging or collecting interest under the New Jersey Consumer Finance Licensing Act.

70.     Defendants violated 15 U.S.C. § 1692e(2)(A) as Defendants were prohibited from collecting on the ELAN FINANCIAL obligation because they failed to comply with the New Jersey Consumer Finance Licensing Act.

71.     Section 1692e(5) of the FDCPA prohibits a debt collector from threatening to take any action that cannot legally be taken or that is not intended to be taken.

72.     Defendants violated 15 U.S.C. § 1692e(5) by attempting to collect the alleged debt without first obtaining the license(s) necessary under New Jersey law.

73.     Section 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

74.     Defendants violated 15 U.S.C. § 1692e(10) by attempting to collect the alleged debt without first obtaining the license(s) necessary under New Jersey law.

75.     Defendants' attempt to collect the alleged debt without first obtaining the license(s) necessary under New Jersey law  violated various provisions of the FDCPA including but not limited to:  15 U.S.C. §§ 1692e; 1692e(2)(A); 1692e(5); 1692e(10); and 1692f *et seq.*

76.     Section 1692f *et seq.* of the FDCPA prohibits a debt collector from using unfair or unconscionable means to collect or attempt to collect any debt.

77.     Defendants violated Section 1692f *et seq.* of the FDCPA by attempting to collect interest, which it is not authorized or permitted by law to charge or collect.

78.     Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

79.     Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

80.     Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

81.     Plaintiff and others similarly situated were sent letters which have the propensity to affect their decision-making with regard to the debt.

82.     Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

83.     Plaintiff has suffered damages and other harm as a direct result of the Defendants' actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a)      Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and the attorneys, Joseph K. Jones, Esq., and Glen H. Chulsky, Esq., as Class Counsel;

(b)      Awarding Plaintiff and the Class statutory damages;

(c)      Awarding Plaintiff and the Class actual damages;

(d)      Awarding pre-judgment interest;

(e)      Awarding post-judgment interest.

(f)      Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g)      Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: August 12, 2017

*s/ Joseph K. Jones*
Joseph K. Jones, Esq. (JJ5509)
JONES, WOLF & KAPASI, LLC
375 Passaic Avenue, Suite 100
Fairfield, New Jersey 07004
(973) 227-5900 telephone
(973) 244-0019 facsimile
jkj@legaljones.com

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

*s/ Joseph K. Jones*
Joseph K. Jones, Esq.

## <u>CERTIFICATION PURSUANT TO LOCAL RULE 11.2</u>

I, Joseph K. Jones, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: August 12, 2017

<u>*s/ Joseph K. Jones*</u>
Joseph K. Jones, Esq.

# Exhibit

# A

Nicole Magana



March 6, 2017

# DYNAMIC
## RECOVERY SOLUTIONS

Original Creditor: ELAN
Original Account Number: ************9861
Current Creditor: Crown Asset Management, LLC
DRS Account No.: ▇▇▇▇▇349
Current Balance: $11,910.02

We did not receive a response from our initial contact letter. In order to assist you in clearing this debt, we are offering you options; however, the options listed below are not your only options.

① You may resolve your account for $5,359.51 if payment is received before April 14, 2017. We are not obligated to renew this offer. Upon receipt and clearance of your payment, this account will be satisfied and closed, and a satisfaction letter will be issued or;

② You may resolve your account for $5,955.01 in 2 payments starting on April 14, 2017. We are not obligated to renew this offer. Please make payments no more than 30 days apart. Upon receipt and clearance of these two payments of $2,977.51, this account will be considered satisfied and closed, and a satisfaction letter will be issued or;

③ You may resolve your account for $6,550.51 in 4 payments starting on April 14, 2017. We are not obligated to renew this offer. Please make payments no more than 30 days apart. Upon receipt and clearance of these four payments of $1,637.63, this account will be considered satisfied and closed, and a satisfaction letter will be issued or;

④ If you are unable to accept the above offer(s), please contact our office. We take pride in working with all consumers, regardless of your current financial position.

 **Customer Service: 877-821-1659**

 **http://drs.cssimpact.com/negotiator/**

 **PO BOX 25759, GREENVILLE, SC 29616-0759**



This communication from a debt collector is an attempt to collect a debt
and any information obtained will be used for that purpose.



Scan this code with
your smartphone to
pay your bill online.

PCI Security Standards Council™
🔒 PCI COMPLIANT